IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CR-00257-2D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | PRELIMINARY ORDER |
| | : | OF FORFEITURE |
| SCHUNDA COLEMAN | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written memorandum of plea agreement to the sole count of the Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. § 1956(h);

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that the defendant is personally responsible for laundering at least $3,872,548.24 in criminally derived proceeds, and that he/she made the proceeds unavailable as a result of her acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p); that each item of property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offense(s) to which she pled guilty, and/or was used or intended to be used to commit or facilitate the commission of the offense(s) to which she pleaded guilty, and is thereby subject to forfeiture pursuant to 21 U.S.C. § 853(a); and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other

1

legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

NOW, THEREFORE, based upon the defendant's guilty plea, the stipulations contained in the Memorandum of Plea Agreement, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 982(a)(1):

Forfeiture Money Judgment:

    a) A sum of money in the amount of $3,872,548.24, representing the value of the property involved in the money laundering offense(s) for which he/she has been convicted; and an amount for which the defendant shall be jointly and severally liable together with co-defendant EDWARD SHELDON WHITAKER, and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p)

2

Real Property:

    b) Real property having the physical address of 3400 Monserat Drive, Edinburg, TX 78539-3472, including any and all appurtenances and improvements thereto, being titled to SCHUNDA COLEMAN and legally described in Official Document No. 2929047 recorded on July 2, 2018 with the County Clerk of Hidalgo County, Texas, and any and all proceeds from the sale of said property. Being more particularly described as follows:

    Lot 8, Spanish Oaks Subdivision, an addition to the City of Edinburg, Hidalgo County, Texas, as per Map or Plat thereof recorded in Volume 43, Page 38, Map Records, Hidalgo County, Texas. APN: S5304-00-000-0008-00

Personal Property:

    c) Any and all funds in SOFI Bank accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account Nos. XX1663, XX4068, XX6094, XX8540, and XX9674

    d) Any and all funds in Seed Invest accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account Nos. XXX2891 and XXX5096

    e) Any and all funds in Texas Regional Bank accounts held in the name of MPLOYPATH LLC, EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account No. XXX9944

    f) Any and all funds in International Bank of Commerce accounts held

3

in the names of TAKYL LOGISTICS LLC, S&E GROUP LLC, EDWARD WHITAKER and/or SHUNDA COLEMAN, including but not limited to Account Nos. XXXXXX1350, XXXXXX2341 and XXXXX4813

g) Any and all funds in Navy Federal Credit Union accounts held in the name of S&E GROUP LLC, EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account Nos. XXXXXX1421, XXXXXX1454, XXXXXX1946, XXXXXX4722, XXXXXX8047, XXXXXX8795 and XXXXXX9024

h) Any and all funds in Wells Fargo accounts held in the name of VORK LLC, S&E GROUP LLC, EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account Nos. XXXXXX0906, XXXXXX4271, XXXXXX4769 and XXXXXX9807, but not including up to $15,000 on deposit in Account No. XXXXXX4727 and up to $10,000 on deposit in Account No. XXXXXX5565

i) Any and all funds in Truliant Federal Credit Union accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account No. XXXXXXX4190, XXXXXXXX4223 and XXXXXX7496

j) Any and all funds in Founders Federal Credit Union accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account No. XX1062

4

k) Any and all funds in JP Morgan Chase Bank accounts held in the name of VORK LLC, EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account Nos. XXXXXX0096, XXXXX2058, XXXXXX5056 and XXXXXX7287

l) Any and all money orders seized from 3400 Monserat Drive, Edinburg, TX 78539-3472, on or about April 6, 2022, including but not limited to the following:

    i. Serial number 27139846577 in the amount of $885.00
    ii. Serial number 26954701560 in the amount of $898.33
    iii. Serial number 27139846050 in the amount of $500.00
    iv. Serial number 27139846926 in the amount of $1,000.00
    v. Serial number 27139846904 in the amount of $1,000.00
    vi. Serial number 27139846915 in the amount of $1,000.00
    vii. Serial number 27139846882 in the amount of $1,000.00
    viii. Serial number 27139846893 in the amount of $1,000.00
    ix. Serial number 26892764493 in the amount of $1,000.00
    x. Serial number 27139846871 in the amount of $1,000.00
    xi. Serial number 26892764471 in the amount of $1,000.00
    xii. Serial number 26892764482 in the amount of $1,000.00
    xiii. Serial number 27139846770 in the amount of $1,000.00
    xiv. Serial number 27139846781 in the amount of $1,000.00
    xv. Serial number 27139846757 in the amount of $1,000.00
    xvi. Serial number 27139846769 in the amount of $1,000.00
    xvii. Serial number 27139846735 in the amount of $1,000.00
    xviii. Serial number 27139846746 in the amount of $1,000.00
    xix. Serial number 27139846713 in the amount of $1,000.00
    xx. Serial number 27139846724 in the amount of $1,000.00
    xxi. Serial number 27139846691 in the amount of $1,000.00
    xxii. Serial number 27139846702 in the amount of $1,000.00
    xxiii. Serial number 27139846004 in the amount of $1,000.00
    xxiv. Serial number 27139846680 in the amount of $1,000.00
    xxv. Serial number 27139846037 in the amount of $1,000.00
    xxvi. Serial number 26954701997 in the amount of $1,000.00

m) Any and all cashier's checks, funds, or other things of value derived from or traceable to the proceeds of specified unlawful activity in the possession, custody or control of EDWARD WHITAKER and/or SCHUNDA COLEMAN.

General Forfeiture Order:

n) Any other property, not identified above, that was involved in or traceable to the offense of conviction in Count One.

2. The following additional property of the defendant is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 21 U.S.C. § 853(p), as substitute assets to satisfy the forfeiture money judgment referenced above in whole or in part, not to exceed the value of $3,872,548.24:

**Substitute Personal Property:**

a) $123,921.87 in funds currently in custody of the U. S. Department of Treasury which represent the sale proceeds of 6921 Red Bud Circle, Charlotte, North Carolina, 28214.

b) Any and all funds in Robinhood accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN, including but not limited to Account No. XXXXX8366

c) Any and all funds and/or cryptocurrency in Crypto.com accounts held in the name of EDWARD WHITAKER and/or SCHUNDA COLEMAN.

6

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

4. This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real property shall be served with a copy of this Order of Forfeiture and provided with notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as their occupancy continues and shall not materially alter, cause any damage to, or remove any fixtures from the real property. Any violation of this**

7

Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

6. To the extent this Order constitutes a personal forfeiture money judgment against the defendant, the United States is not required to send or publish notice of the same, as there is no specific property to be forfeited. However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any subsequently forfeited assets, including the specified real and/or personal property listed in paragraph(s) 1(b)-(m) and 2(a)-(c), shall be credited toward satisfaction of the judgment upon liquidation.

7. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed

above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

8. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand-**

9

Case 5:22-cr-00257-D    Document 88    Filed 12/03/25    Page 9 of 11

delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:

> U.S. District Court Clerk
> Eastern District of North Carolina
> P.O. Box 25670
> Raleigh, NC 27611

9. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

10. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7).

11. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at sentencing.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e), when additional specific or substitute property is identified.

SO ORDERED, this the 3 day of December, 2025.

JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE